1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JERMAINE COLLINS,                    )
                                     )
            Plaintiff,               )        3:13-cv-00103-MMD-WGC
                                     )
vs.                                  )
                                     )        **REPORT & RECOMMENDATION**
KEITH KENNEDY,                       )        **OF U.S. MAGISTRATE JUDGE**
                                     )
            Defendant.               )
_____/

        This Report and Recommendation is made to the Honorable Miranda M. Du, United States

District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

§ 636(b)(1)(B) and LR IB 1-4.  After a thorough review of the record, the court recommends that this

action be dismissed with prejudice based on plaintiff's failure to obey the court's orders, failure to

update the court with his current address, and failure to prosecute this action.

**I.  Procedural History**

        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff was

a state prisoner when he filed this action.  On April 11, 2013, the undersigned entered a screening

order in this case, in which the court determined that plaintiff's due process claim against one

defendant may proceed, but the remainder of the claims were dismissed with leave to amend.  (ECF

No. 4).  The court granted plaintiff thirty days in which to file an amended complaint, curing the

deficiencies outlined in the court's screening order.  (ECF No. 4, at p. 10).  The undersigned entered

another screening order on July 9, 2013, in which the court noted that plaintiff did not file an

amended complaint or respond to the court's order in any way.  (ECF No. 7).  As such, the order

specified that only plaintiff's due process claim against defendant Kennedy would proceed, but not

the remaining claims.  (*Id.*, at p. 2).  The case was stayed for ninety days to allow plaintiff and

defendant an opportunity to settle their dispute.  (*Id.*).  Pursuant to the court's scheduling order of

August 21, 2013, a mediation conference was scheduled for September 17, 2013.  (ECF No. 9).

On September 5, 2013, defendant filed a motion to vacate the mediation conference

scheduled for September 17, 2013.  (ECF No. 10).  Defendant's motion informed the court that

plaintiff is no longer incarcerated and that plaintiff failed to update the court with his current address.

(*Id.*).  Therefore, on September 11, 2013, the court entered a minute order requiring plaintiff to notify

the court of his current address, not later than September 13, 2013.  (ECF No. 11).  Plaintiff did not

respond to the court's order.  Plaintiff also did not oppose defendant's motion to vacate the

mediation conference.  On September 16, 2013, the court entered a minute order granting

defendant's motion to vacate the mediation conference.  (ECF No. 13).  Also on September 16,

2013, a separate minute order was entered, which scheduled a status conference for September 25,

2013, at 1:30 p.m. before the undersigned Magistrate Judge.  Counsel for defendant appeared at the

September 25, 2013 hearing, but plaintiff did not appear.  Plaintiff has not responded to the court's

orders in any manner.  The court notes that the minute orders filed on August 21, 2013, September

11, 2013, and September 16, 2013, were returned to the court as undeliverable because plaintiff has

been discharged from prison.  (ECF Nos. 15, 16, & 17).

**II. Discussion**

The Clerk of Court mailed the court's minute order filed August 21, 2013 (ECF No. 9), the

minute order filed August 11, 2013 (ECF No. 11), and the two minute orders filed September 16,

2013 (ECF Nos. 13 & 14), to plaintiff at his address of record, at Ely State Prison.  All four of the

minute orders were returned as undeliverable – markings on the envelopes containing the minute

2

1  orders indicate the following:  "Not at ESP; Discharged."  (ECF Nos. 15, 16, & 17).  Plaintiff has

2  been released from prison and has not notified the court of his new address.

3      Rule LSR 2-2 of the Local Rules of Special Proceedings and Appeals provides:

4          The plaintiff shall immediately file with the court written notification
           of any change of address.  The notification must include proof of
5          service upon each opposing party or the party's attorney.  Failure to
           comply with this rule may result in dismissal of the action with
6          prejudice.

7  In view of plaintiff's failure to keep the Court informed of his address as required by LSR 2-2, the

8  court recommends dismissal of this action with prejudice.

9      Additionally, the undersigned recommends dismissal of this action with prejudice based on

10 plaintiff's failure to obey this court's order of September 11, 2013, specifically directing plaintiff to

11 update his address not later than September 13, 2013.  (ECF No. 11).  The court further recommends

12 dismissal of this action based on plaintiff's failure to prosecute this action.

13     District courts have the inherent power to control their dockets and "in the exercise of that

14 power, they may impose sanctions including, where appropriate . . . dismissal of a case."  *Thompson*

15 *v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,

16 based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply

17 with local rules.  *See, e.g. Pagtalunan v. Galaza,* 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of

18 habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a

19 court order); *Ghazali v. Moran,* 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

20 local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

21 comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41

22 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court

23 apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for

24 failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

25 (dismissal for failure to lack of prosecution and failure to comply with local rules).

26     In determining whether to dismiss an action for lack of prosecution, failure to obey a court

3

order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

This action has been pending since March 4, 2013.  The court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Pagtalunan*, 291 F.3d at 643; *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  Although the court's minute orders did not include an express warning that dismissal could result from plaintiff's noncompliance, the fact that plaintiff failed to comply with more than one order leads this court to recommend dismissal of this action with prejudice.  Moreover, no less drastic alternative than dismissal is feasible, in light of plaintiff's failure to notify the court of his current address.  If plaintiff does not receive this court's orders based on his failure to inform the court of his current address, he is unable to comply with such orders and he is unable to prosecute this action.

## III.  Conclusion

Based on the foregoing and for good cause appearing, the court recommends that this action be dismissed with prejudice for plaintiff's failure to update his address with the court, failure to obey the court's orders, and failure to prosecute this action.

**IV. Recommendation**

   **IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE.**

   The parties are advised:

   1.    Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.    These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

   2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.


**DATED this 25th day of September, 2013.**



                                                    _____
                                                    WILLIAM G. COBB
                                                    UNITED STATES MAGISTRATE JUDGE