UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JERMAINE COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>KEITH KENNEDY,<br><br>Defendants. | Case No. 3:13-cv-00103-MMD-WGC<br><br>ORDER |

Before the Court is Magistrate William G. Cobb's Report and Recommendation ("R&R") (dkt. no. 19) recommending dismissal of this action with prejudice. Plaintiff was given until September 25, 2013, to file any objections. (*Id.*) No objections were filed. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no

objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review in order to determine whether to adopt the R&R. The R&R recommends dismissal of this action with prejudice based on Plaintiff's failure to comply with the Court's orders, failure to update the Court with his current address and failure to prosecute this case. In fact, the R&R was returned to the Court as undeliverable since Plaintiff failed to update the Court on his current address. (Dkt. no. 20.) Upon review of the R&R and the record in this case, the Court determines that it is appropriate to adopt the R&R in full.

It is hereby ordered that the R&R (dkt. no. 19) is accepted and adopted. It is ordered that this action is dismissed with prejudice. The Clerk is directed to close this case.

DATED THIS 5th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE